# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

v.

KEVIN COLEMAN,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ID No. 1511006774-B

Submitted: May 21, 2016
Decided: June 3, 2016

## MEMORANDUM OPINION AND ORDER

*Upon State's Motion to Reopen,*
**GRANTED**.

John S. Taylor, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Jonathan Layton, Esquire, Layton & Associates, P.A., 1308 Delaware Avenue, Wilmington, Delaware, Attorney for Defendant.

**MEDINILLA, J.**

## INTRODUCTION

On May 2, 2016, this Court conducted a bench trial in the above-captioned matter on the charges of Possession Of A Firearm By A Person Prohibited and Possession Of Ammunition By A Person Prohibited. The State called no witnesses in support of its case but submitted into evidence one exhibit, without objection from Defendant: a certified copy of a 2011 prior conviction for Robbery Second Degree to establish Defendant's guilt that he was a person prohibited. In closing arguments, Defendant challenged the sufficiency of the State's evidence, arguing it did not adequately identify Defendant as the person whose record had been introduced for the 2011 Robbery Second Degree conviction. On May 3, 2016, the State moved to reopen the evidence in the bench trial. Defendant opposes. After consideration of the parties' briefings, and a full review of the oral representations made during the jury and bench trials in this matter, for the reasons stated below, the State's Motion to Reopen the evidence in the bench trial is **GRANTED.**

## FACTUAL AND PROCEDURAL HISTORY

Defendant was charged through indictment with the following six offenses: Carrying A Concealed Deadly Weapon, Possession Of Heroin, Resisting Arrest, Bicycle In Use At Night Shall Be Equipped With A Lamp, Possession Of A Firearm By A Person Prohibited ("PFBPP"), and Possession Of Ammunition By A Person Prohibited ("PABPP"). On April 28, 2016, and April 29, 2016, this Court

2

presided over a jury trial in the above-captioned matter after severing the PFBPP and PABPP offenses; the jury returned a guilty verdict against Defendant for Carrying A Concealed Deadly Weapon and Resisting Arrest.

At the conclusion of the jury trial, Defendant, without objection from the State, waived to bench trial on the PFBPP and PABPP offenses. Notably, prior to commencing the bench trial, Defense counsel raised an issue related to when Double Jeopardy would attach in a bench trial,[1] knowing that the State had no intention of calling any witnesses.[2] On May 2, 2016, the State brought to court three witnesses from law enforcement but did not call them—or any witnesses—on its behalf.[3]

Instead, the State asked the Court to do two things: incorporate the evidence from the jury trial and take judicial notice of the Defendant's conviction of Robbery Second Degree under Delaware Rule of Evidence ("D.R.E.")

---

[1] The Court does not consider Double Jeopardy issues in this analysis. It is mentioned only as procedural background as it pertains to Defendant's arguments that the State had ample opportunity to properly present and prepare for its case.

[2] Defense counsel's request for clarification regarding Double Jeopardy prompted the prosecutor to request a brief postponement in order to confer with his Office; the Court granted this request and rescheduled the matter to the next available weekday for Monday, May 2, 2016.

[3] The State indicated that it only brought the three witnesses out of an abundance of caution in case Defendant raised objections to the admissibility of the 2011 conviction. Since it was introduced—and admitted—without objection, the State determined it unnecessary to call its witnesses.

202(d)(1)(B).[4] In support of moving under D.R.E 202(d)(1)(B), the State supplied the Court with State's Exhibit 1, a certified copy of the Superior Court Criminal Docket for a 2011 conviction of a "Kevin Coleman." Defense counsel did not object to the admissibility of the document and expressly - and carefully - stated there was no good faith basis to oppose the admissibility of this evidence as "self-authenticating."[5] This Court took judicial notice of the record under D.R.E. 202(d)(1)(B).[6] The State rested. No motions were presented by Defendant nor did Defendant present evidence.

In closing arguments, the State briefly asked that the Court find Defendant guilty of PFBPP and PABPP and argued it had proven beyond a reasonable doubt the elements of the charged offenses. Defendant argued that the Court had insufficient evidence to link this Defendant to the certified copy the 2011 conviction. Defendant argued that no evidence was presented that established that the person at defense counsel table was the person to whom the certified record of

---

[4] D.R.E. 202(d)(1)(B) ("Judicial notice may be taken, without request by a party, of ... records of the court in which the action is pending and of any other court of this State or federal court sitting in or for this State.").

[5] Bench Trial, *State v. Kevin Coleman*, I.D. No. 1511006774, May 2, 2016, by Def. at appx. 10:26:15am. *See also* Def.'s Resp. at 7. Defense counsel concedes that Defendant's "response was that there was no objection as to the authenticity of the documents pursuant to Delaware Uniform Rules of Evidence 902(4), while at the same time carefully wording the response so as to allow for argument at closing. In particular, undersigned counsel did not comment upon the matter of judicial notice, as it appeared duplicative—if the documents are admissible under D.U.R.E. 902, then it does not matter if they are admissible under judicial notice." *Id.*

[6] Bench Trial, *State v. Kevin Coleman*, I.D. No. 1511006774, May 2, 2016, by Court at appx. 10:27:00am.

conviction belonged. While the first and last name on the State's exhibit matched Defendant's, there was no pedigree evidence presented in the jury or bench trials such as a date of birth, SBI number, address, or any other identifying information, to connect him to the 2011 conviction. Therefore, while the record may have been admissible, Defendant argued the State failed to establish proof beyond a reasonable doubt that *he* was the person prohibited from possessing a firearm/ammunition at the time of the incident. No authority was presented during Defendant's closing argument to support his position.

Defense counsel further pronounced that his trial strategy included waiting until the close of the State's case to argue this position, explaining that to say anything sooner would have "telecasted" Defendant's strategy and given the State an opportunity to cure any defect regarding its evidence.

The State's responded that it was not required to present witnesses to establish a nexus linking Defendant to the evidence because Defendant's failure to object meant that Defendant conceded it was his record. In addition, the Defendant's express statement that he had no good faith basis to object also meant that he waived any and all rights to argue that the evidence was insufficient for a finding of guilt. Again, no authority was presented during oral arguments to support this position. The Court asked for briefing from both sides.

On May 3, 2016, the State submitted its brief in support of its position and maintains that by taking judicial notice of the conviction, the Court acknowledged the relevance of the evidence under D.R.E. 402, and implicitly, Defendant's identity. Therefore, the evidence sufficiently allows this Court to make any and all reasonable inferences for a finding of guilt. Alternatively, it also moves to reopen the evidence, if needed, to establish the nexus between Defendant and his record of conviction.

On May 12, 2016, Defendant responded that his failure to object regarding the admissibility of evidence does not constitute a waiver of subsequent arguments concerning the sufficiency of this evidence, nor does it relieve the State from meeting their burden of proof. On May 21, 2016, the State submitted its reply and provided additional authority in support of its alternative request to reopen the evidence. Having considered these submissions, as well as statements made during the bench trial, the matter is ripe for review.

## STANDARD OF REVIEW

Applications moving a court to reopen the State's case, even after both sides have rested, are addressed to the discretion of the trial court.[7] Under well-settled Delaware law, this Court has the "power and authority to reopen, on timely

---

[7] *State v. Patnovic*, 129 A.2d 780, 782 (Del. Super. 1957). *See also Pepe v. State*, 171 A.2d 216, 219 (Del. 1961).

application and for good cause shown, a dismissal of a criminal proceeding, whether entered with or without prejudice."[8] This Court has such powers in order to "undertake whatever action is reasonably necessary to ensure the proper administration of justice."[9]

The Court is guided by the standards set forth in *State v. Guthman*[10] and *United States v. Ali*[11] in making the determination of whether to reopen a case. As noted in *Ali*:

> In exercising its discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief. The evidence proffered should be relevant, admissible, technically adequate, and helpful to the jury in ascertaining the guilt or innocence of the accused. The belated receipt of such testimony should not imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet the additional evidence offered.[12]

---

[8] *State v. Guthman*, 619 A.2d 1175, 1176 (Del. 1993).

[9] *Id.* at 1178.

[10] 619 A.2d 1175.

[11] 2007 WL 3120326.

[12] *United States v. Ali*, 2007 WL 3120326, at *3 (3d Cir. Oct. 25, 2007) (quoting *United States v. Coward*, 296 F.3d 176, 181 (3d Circ. 2002)).

It is important to note that this matter is still in the midst of trial proceedings and this Court has not ascertained the guilt or innocence of Defendant. Both sides in this case employed their respective trial strategies. The Court is less concerned about addressing their strategies, carefully selected wording, or the timing of when their arguments were made. This Court is most "properly interested in seeing that all salient facts are presented to the [finder of facts] to bring about a just result."[13]

## ANALYSIS

The State moved this Court pursuant to D.R.E. 202(d)(1)(B) to "take judicial notice of *the Defendant's* conviction for Robbery Second in case number 1010013648."[14] Having now reviewed the statements made by the prosecutor when it asked the Court to take judicial notice of the conviction, the record establishes that the State was submitting it as "*the Defendant's* conviction." Common sense suggests that if it was not his record, Defendant would have been obligated to properly object to its admissibility under D.R.E. 402 as irrelevant and inadmissible. Defendant did not do so.

It is true that the State is expected to meet its burden and Defendant should not be considered to have waived any challenges regarding the sufficiency of this evidence merely because he did not object to its admissibility. However, out of an

---

[13] *United States v. Ramos*, 291 F. Supp. 71, 73 (D.R.I. 1968), *aff'd*, 413 F.2d 743 (1st Cir. 1969).

[14] Bench Trial, *State v. Kevin Coleman*, I.D. No. 1511006774, May 2, 2016, by State at appx. 10:25:13am (emphasis added).

abundance of caution, the State came prepared with three witnesses, presumably ready, willing and able to establish the identity of this Defendant. When Defendant did not object to the admissibility of "*the* Defendant's conviction," the State reasonably believed that additional witnesses were not needed to further connect Defendant to the record. This was a fair interpretation of what the State believed was sufficient to obtain a conviction.

Here, Defendant essentially argues that while the State may have properly offered evidence *to begin* to establish the identity of the Defendant, the State fell short of finishing the task. While this Court may rely on the evidence from which to make reasonable inferences in this case to connect Defendant to the sole piece of evidence in this case, since no witnesses were presented, and no other evidence was offered, out of an abundance of caution, this Court finds that the motion to reopen is appropriate.

The State has timely and sufficiently shown good cause, and the administration of justice so requires that the proceedings be reopened. Pedigree evidence linking Defendant and the certified prior conviction record may be "relevant, admissible, technically adequate, and helpful to [this Court] in ascertaining the guilt or innocence of the accused."[15] This Court will afford both sides an opportunity to address any additional evidence or testimony that may be

---

[15] *Ali*, 2007 WL 3120326, at *3 (quoting *Coward*, 296 F.3d at 181).

offered such that any delayed introduction of evidence will "not imbue the evidence with distorted importance, prejudice [Defendant's] case, or preclude [Defendant] from having an adequate opportunity to meet the additional evidence offered."[16]

This Court finds that good cause to allow the State to reopen has been properly measured; there is no surprise to Defendant since he is aware that his connection to the 2011 conviction has been a focus of the PFBPP and PABPP charges. He will have an opportunity to meet his proof through cross-examination. Lastly, there is little detriment to the Defendant since the only evidence presented is the 2011 conviction record and it does not contradict defense evidence.

## CONCLUSION

Based on the foregoing, the State's Motion to Reopen the evidence in the above-captioned matter is **GRANTED**. Defendant will have an opportunity to supplement his case and to rebut any additional evidence offered by the State.

**IT IS SO ORDERED.**

_____
Judge Vivian L. Medinilla

oc: Prothonotary
cc: John S. Taylor, Esquire, Deputy Attorney General
Jonathan Layton, Esquire, Attorney for Defendant
Kevin Coleman, Defendant
Investigative Services Office

---

[16] *Id.*

10